AO 93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>5747 W. Missouri Avenue #135, Glendale, Arizona 85301 | Case No. 22-5232MB |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

### As further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

### As set forth in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    July 11, 2022    *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     June 27, 2022 at 7:51 p.m.     _____
                                                                                    *Judge's signature*

City and state: Phoenix, Arizona                     Honorable Deborah M. Fine, U.S. Magistrate Judge
                                                                            *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is 5747 W. Missouri Avenue #135, Glendale, Arizona 85301, further described as a free-standing single trailer permanently affixed to Lot 135 within the trailer complex identified as Glendale Cascade. The trailer on Lot 135 has cream in color siding with a black front security door. The markings "135" are affixed to the trailer's designated mailbox. The trailer is located specifically at 33.51360° N, 112.18445° W.

## ATTACHMENT B

*Property to be seized*

1.      Any illegal controlled substances;

2.      Books, records, receipts, notes, ledgers, invoices, and any other documentation related to the manufacture, importation, transportation, ordering, purchase, sale, or distribution of controlled substances;

3.      Drug ledgers, drug customer lists, drug inventory lists, weights and prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, money paid or received, drugs supplied or received, cash received, or to be paid for controlled substances, or intended to be paid for controlled substances;

4.      Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;

5.      United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and receipts or documents regarding purchases of real or personal property;

6.      Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

7.      Currency counters;

8.      Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements,

identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

9.       Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10.      Paraphernalia related to the importation, transportation, use, or distribution of controlled substances or proceeds from the sale of controlled substances, including materials commonly used for the clandestine shipment thereof, including but not limited to, scales, bottles, mixing bowls, spoons, grinders, cutting agents, cutting boards, baggies, knives/razors, plastic wrap/cellophane, tape, seals, boxes, packaging materials, scent masking agents, shipping labels, and storage containers;

11.      Firearms, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition.

2

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 22-5232MB | 06/27/2022 at 8:00p.m. | Marcos Tulio Cerrato Acevedo |

Inventory Made in the Presence of:

Marcos Tulio Cerrato Acevedo

Inventory of the property taken and name of any person(s) seized:

1. 17 pounds of methamphetamine
2. $2,000.00 U.S. Currency

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:  06/30/2022

LUCAS HOSS Digitally signed by LUCAS HOSS
Date: 2022.06.30 12:25:26
-07'00'
_____
*Executing officer's signature*

Lucas A. Hoss Special Agent
_____
*Printed name and title*

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>5747 W. Missouri Avenue #135, Glendale, Arizona 85301 | Case No. 22-5232MB |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956(a)(1) | Money Laundering |
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

**See attached Affidavit of Special Agent David Wesley Bedford**

☒ Continued on the attached sheet.

☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

DAVID CON⊤ Digitally signed by DAVID CONTI
Date: 2022.06.27 18:58:35 -07'...

Reviewed by AUSA D. Matthew Conti

DAVID BEDFORD   Digitally signed by DAVID BEDFORD
Date: 2022.06.27 18:52:40 -07'00'

*Applicant's Signature*

David Wesley Bedford, Drug Enforcement Administration

*Printed name and title*

Sworn to telephonically and signed electronically.

Date: ___June 27, 2022 at 7:51 p.m.___

*Judge's signature*

City and state: Phoenix, Arizona

Honorable DEBORAH M. FINE, U.S. Magistrate Judge

*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is 5747 W. Missouri Avenue #135, Glendale, Arizona 85301, further described as a free-standing single trailer permanently affixed to Lot 135 within the trailer complex identified as Glendale Cascade. The trailer on Lot 135 has cream in color siding with a black front security door. The markings "135" are affixed to the trailer's designated mailbox. The trailer is located specifically at 33.51360° N, 112.18445° W.

## ATTACHMENT B

*Property to be seized*

1.      Any illegal controlled substances;

2.      Books, records, receipts, notes, ledgers, invoices, and any other documentation related to the manufacture, importation, transportation, ordering, purchase, sale, or distribution of controlled substances;

3.      Drug ledgers, drug customer lists, drug inventory lists, weights and prices, dealer lists, criminal associates lists, or any notes containing the individual names of such persons, telephone numbers or addresses of these customers or dealers, and any records of accounts receivable, money paid or received, drugs supplied or received, cash received, or to be paid for controlled substances, or intended to be paid for controlled substances;

4.      Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services, check or money order purchase receipts, account statements, and any other records reflecting the receipt, deposit, or transfer of money;

5.      United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and receipts or documents regarding purchases of real or personal property;

6.      Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

7.      Currency counters;

8.      Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements,

identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

9.      Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing co-conspirators, criminal associates, U.S. currency, real and personal property, firearms, or controlled substances;

10.     Paraphernalia related to the importation, transportation, use, or distribution of controlled substances or proceeds from the sale of controlled substances, including materials commonly used for the clandestine shipment thereof, including but not limited to, scales, bottles, mixing bowls, spoons, grinders, cutting agents, cutting boards, baggies, knives/razors, plastic wrap/cellophane, tape, seals, boxes, packaging materials, scent masking agents, shipping labels, and storage containers;

11.     Firearms, ammunition, magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, targets, expended pieces of lead, and records, receipts, or other paperwork showing the purchase, storage, disposition, or dominion and control over firearms and ammunition.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, David Wesley Bedford, being first duly sworn, hereby deposes and states as follows:

## INTRODUCTION AND BACKGROUND OF AFFIANT

1.      Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises located at 5747 W. Missouri Avenue #135, Glendale, Arizona 85301 (hereinafter the "**Subject Premises**"), as further described in Attachment A, in order to search for and seize the items outlined in Attachment B, which represent evidence, fruits, and/or instrumentalities of the criminal violations further described below.

2.      I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since June 2010.  I am currently assigned to the Phoenix Field Division, Enforcement Group 4 DEALERS. DEALERS is an enforcement group comprised of agents and officers from federal and local agencies, assigned to investigate large-scale drug trafficking. I have successfully completed the DEA Basic Agent Training in Quantico, Virginia, where I received several hundred hours of comprehensive, formalized instruction in such matters as drugs identification, detection, trafficking and interdiction, money laundering techniques, and asset identification, seizure and forfeiture. Throughout my time in law enforcement, I have conducted and participated in multiple investigations involving the unlawful importation, transportation, and distribution of drugs to include cocaine, heroin, methamphetamine, and marijuana, as well as investigations involving money laundering. I have debriefed defendants and witnesses who had personal knowledge regarding major drug trafficking organizations. I have also participated in conducting physical and electronic surveillance, using confidential sources and sources of information, executing search warrants, and making arrests. I am familiar with methods employed by large drug organizations and the tactics they use to evade law enforcement, such as the

frequent changing of cell phones, the use of prepaid phones ("burner phones"), counter-surveillance, elaborately planned smuggling schemes tied to legitimate businesses, the use of false or fictitious identities, and coded communications and conversations.

3.      By virtue of my employment as a Special Agent, I have performed various tasks, which include, but are not limited to:

     a. Functioning as a surveillance agent, thus observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs;

     b. Interviewing witnesses, confidential sources ("CS") and sources of information ("SOI") relative to the illegal trafficking of drugs and the distribution of monies and assets derived from the illegal trafficking of drugs (laundering of monetary instruments); and,

     c. Functioning as a case agent, entailing the supervision of specific investigations involving the trafficking of drugs and the laundering of monetary instruments.

4.      The statements contained in this Affidavit are based on information derived from my personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; information provided by a confidential source; analysis of public records; controlled purchases of drugs; analysis of social media information; analysis of telephone records; intercepted communications; and analysis of financial records.

5.      Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not set forth all of the relevant facts known to law enforcement officers.

## BACKGROUND OF INVESTIGATION

6.      The Drug Enforcement Administration Confidential Source (CS) that provided this information to law enforcement has been actively working for the DEA since August of 2021 and is believed to be credible and reliable. The CS is working for financial and immigration benefits. To date, the CS has been involved in approximately 50 different operations, which have led to the seizure of distribution quantities of methamphetamine, cocaine, heroin, fentanyl powder, M/30 fentanyl pills, and proceeds believed to be generated from the sale of controlled substances.   The CS has numerous contacts throughout Arizona and Mexico who provide the CS with drug-related information. The CS shares this information to DEA.

## CURRENT INVESTIGATION

7.      On June 27, 2022 at approximately 7:30 a.m., the CS contacted Special Agent Wesley Bedford and provided two phone numbers, one belonging to a unidentified Mexico-based source of supply "Cholo" and the other belonging to Cholo's Phoenix-based courier.  The courier was later identified as Marcos Tulio Cerrato ACEVEDO (hereafter referred to as ACEVEDO).

8.      Based on the conversations between the CS and both the Mexican-based source of supply and ACEVEDO, it was agreed-upon to purchase two pounds of methamphetamine for $2,000.  The parties agreed to meet at approximately 3:00 PM in the area of 35th Ave. and Thomas Rd. in Phoenix, Arizona.

9.      Based on this information, at approximately 2:45 p.m., law enforcement established surveillance near the Burger Shoppe, located at 3423 W Thomas Road, Phoenix, Arizona in anticipation of the meeting between ACEVEDO and the CS.

10.     At approximately 3:05 PM, ACEVEDO arrived in a tan colored Toyota Tundra, Arizona license plate BLA3YG to the location and parked next to the CS vehicle.

Law enforcement reviewed the available Arizona Department of Motor Vehicles records and learned that the Toyota Tundra is registered to Marcos Tulio Cerrato ACEVEDO at 5747 W. Missouri Avenue #135, Glendale, Arizona 85301 (the **Subject Premises**).

11.   ACEVEDO got out of the driver's seat and entered the CS's vehicle. Both parties greeted each other and then ACEVEDO handed the CS approximately two pounds of a white crystalline substance.   Based on my training and experience, the substance appears to be methamphetamine, but the substance has not yet been field-tested.   Then the CS handed ACEVEDO with a tan envelope containing $2,000 (which had come from law enforcement funds).

12.   ACEVEDO counted the money and both the CS and ACEVEDO discussed a future transaction for additional methamphetamine for later in the day.

13.   Following this drug transaction, ACEVEDO got back in his tan Toyota Tundra and left the area.   ACEVEDO was followed with the assistance of an aerial surveillance unit to 5747 W Missouri Avenue, Glendale, Arizona 85301, which was approximately ten minutes away from the meeting location.   Investigators observed ACEVEDO get out of the Toyota Tundra and walk directly into trailer number 135 **"Subject Premises."**

14.   While ACEVEDO was inside **Subject Premises,** he sent the CS a message saying that he would meet the CS at a Circle K, located at 5880 W. Camelback Road, Glendale, Arizona 85301 with five additional pounds of methamphetamine in 15 to 20 minutes.

15.   Within two minutes of that phone call, investigators observed ACEVEDO leave the **Subject Premises**, get into the Toyota Tundra, and drive directly to the Circle K at 5880 W. Camelback Road.   After arriving at the Circle K, law enforcement officers contacted ACEVEDO.

16.     Investigators searched the Toyota Tundra and found five pounds of a white crystalline substance.  Based on my training and experience, the substance appears to be methamphetamine, but the substance has not yet been field-tested.   The white crystalline substance was discovered underneath a towel on the front passenger seat. The substance was packaged in the same matter as the two pounds which had been purchased earlier in the afternoon.  Additionally, the money used in the transaction earlier in the day was not in ACEVEDO's possession or inside the Toyota Tundra.  Based on this, I believe that the money was taken to the **Subject Premises** and dropped off.

17.     Investigators advised ACEVEDO of his *Miranda* rights and conducted a post-arrest interview. ACEVEDO said he didn't know what was in the vehicle, but he believed that it was illegal. He then said that he was going to get paid $200 to drop it off. When asked where he was coming from, he responded that it was some unknown street in Peoria. When asked about the multiple cell phones that were found in the vehicle, he responded that one was a personal cell phone and the other was a business phone that was handed to him by his supervisors. He did not want to provide any additional information about them. He then stated that there are additional drugs and drug money inside a brown envelope inside a backpack in his bedroom at the **Subject Premises**. He stated that there are several other roommates in **Subject Premises,** but he does not know what they do and cannot provide additional information on their belongings. He also stated that he does possess a key to **Subject Premises** as well.

18.     Based on this information Law-enforcement believes that trailer number 135 contains additional drugs and drug proceeds.

### ITEMS TO BE SEIZED

19.     Based upon the facts contained in this Affidavit, I submit there is probable cause to believe that the items listed in Attachment B will be found at the **Subject Premises**.

5

20.    Based on my training, education, and experience, and discussions with other trained law enforcement personnel, along with information provided by sources of information and confidential sources, your Affiant knows the following:

a.    Drug traffickers often keep large amounts of United States currency on hand in order to maintain and finance their ongoing trafficking activities. Traffickers commonly maintain such currency where they have ready access to it, such as in their homes and vehicles. It is also common for traffickers to possess drug proceeds and items purchased with proceeds in their homes and vehicles. Thus, it is common for currency, expensive jewelry, precious metals, or financial instruments to be found in the possession of drug traffickers.

b.    Traffickers and persons involved in the manufacturing, distribution, and possession of controlled substances often possess firearms and other weapons, both legal and illegal, in order to protect their person, drugs, or the proceeds of drug transactions.  Traffickers commonly maintain such firearms and weapons where they have ready access to them, such as on their person, in their homes, and in their vehicles. In addition, other firearm-related items, such as gun pieces, ammunition, gun cleaning items or kits, holsters, ammunition belts, original box packaging, targets, expended pieces of lead, photographs of firearms, and paperwork showing the purchase, storage, disposition, or dominion and control over firearms, ammunition, and related items are commonly possessed by drug traffickers along with their firearms.

c.    Traffickers often maintain paraphernalia for manufacturing and distributing controlled substances, including packaging materials, scales, and cutting agents.  Traffickers commonly maintain such paraphernalia at stash houses, in their homes, or in their vehicles.

      d.     Traffickers often maintain paper records of their drug trafficking and money laundering activities.  Your Affiant knows that such records are commonly maintained for long periods of time and therefore are likely to be found at the **Subject Premises**.

      e.     Drug traffickers commonly use computers, cellular telephones, and other electronic devices to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of computers and electronic devices to further their drug trafficking and money laundering activities.  Therefore, evidence related to drug trafficking activity and money laundering activity is likely to be found on electronic storage media found at the **Subject Premises**, as further described below.

21.    In addition to items which may constitute evidence, fruits and/or instrumentalities of the crimes set forth in this Affidavit, I also request permission to seize any articles tending to establish the identity of persons who have dominion and control over the **Subject Premises**, including rent receipts, utility bills, telephone bills, addressed mail, personal identification, keys, purchase receipts, sale receipts, photographs, vehicle pink slips, and vehicle registration.

/ / /

/ / /

/ / /

## **CONCLUSION**

22.    Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. § 1956(a)(1) (Money Laundering), 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), and 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance are likely to be found at the **Subject Premises**, which is further described in Attachment A.

DAVID BEDFOF  Digitally signed by DAVID BEDFOF
Date: 2022.06.27 18:43:09 -07'00'

Special Agent David Wesley Bedford
Drug Enforcement Administration

Subscribed electronically and sworn telephonically before me this __27th__ day of June, 2022. at 7:51 p.m.

HONORABLE DEBORAH M. FINE
United States Magistrate Judge

8